IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LILLY MERRILL,

    Plaintiff,

v.                                          C.A. No.:   5:21-cv-793

COASTAL TRANSPORT CO., INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LILLY MERRILL (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendant, COASTAL TRANSPORT CO., INC. (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1.     This is an action by Plaintiff against her employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.     This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in

29 U.S.C. § 216(b).

## VENUE

3.  Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, COASTAL TRANSPORT CO., INC., has offices or conducts business in Bexar County, Texas..

## THE PARTIES

4.  Plaintiff, LILLY MERRILL, is an individual residing in Orange County, Texas.

5.  Plaintiff, LILLY MERRILL, was employed by Defendant from April 27, 1992, through May 10, 2021, as a Dispatcher whose duties were to schedule drivers to make and pick up shipments from customers and was paid $14.56 per hour.

6.  Defendant, COASTAL TRANSPORT CO., INC., is a corporation established under the laws of the State of Texas, having offices in Bexar County, Texas.

7.  Defendant, COASTAL TRANSPORT CO., INC.'s primary business is as a trucking company and operates 28 facilities spread across Arizona, California, New Mexico and Texas.

8.  Defendant has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. At all times material to this complaint, Defendant, COASTAL TRANSPORT CO., INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, COASTAL TRANSPORT CO., INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. At all times material to this Complaint, Defendant was the employer of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendant for her employment.

12. Plaintiff was individually engaged in commerce and produced goods for commerce, e.g., the use of interstate telephone calls relating to the transportation of goods and property in interstate commerce, and her work was directly and vitally related to the functioning of Defendants' business activities.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

13. Plaintiff 1) occupied a position as a Dispatcher; 2) did not hold a position considered as exempt from the overtime provisions of the FLSA; and, 3) was paid on an hourly basis.

14. Defendant's management required Plaintiff to work in excess of 40 hours in a workweek.

15. Plaintiff worked overtime in numerous workweeks while employed by the Defendant.

16. Plaintiff's regular schedule was from 7:00 a.m. until 3:00 p.m., Monday through Friday. Plaintiff was also on call Saturday and Sunday. Plaintiff's immediate supervisor, Andrew Baca, required Plaintiff to work off the clock. Plaintiff would regularly perform her dispatch duties at her home on weekends and nights. If a Dispatcher from called out sick, Plaintiff would partially cover the shift in the evening and weekends from her home. Additionally, Plaintiff would perform work from her home whenever a Dispatcher from Houston or a driver from Port Arthur Despite would call her at her home for assistance. Plaintiff was not paid for the work she performed from home.

17. Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

18. The work schedules for the Plaintiff required her to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

19. Defendant's policy of not properly paying overtime is company-wide and was willful.

20. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as employers under the FLSA.

21. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

22. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

23. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

24. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, LILLY MERRILL, demands Judgment against Defendant for the following:

a. Awarding Plaintiff her compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b.     Awarding Plaintiff her pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c.     Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d.     Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, LILLY MERRILL, demands a jury trial on all issues so triable.

Respectfully submitted this August 25, 2021.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810

Steven R. Samples
Texas Bar No. 24086348
Samples Ames PLLC
1512 Crescent Drive, Suite 119
Carrollton, Texas 75006
Phone: (214) 308-6505
Fax: (855) 605-1505

**ATTORNEYS FOR PLAINTIFF**